## Foran *v.* Union Traction Company, Appellant.

*Negligence—Street railways—Passenger—Getting off moving car—Notice to conductor to stop.*

Where a passenger in a street car notifies a conductor to stop at a particular street, and subsequently when the car has reached the street and is passing it, and the conductor is on the front platform talking to the motorman, the passenger tries to catch the conductor's attention, but failing to do so attempts to alight from the car while it is moving and is injured, the passenger cannot recover from the railway company for the injuries sustained.

Argued Oct. 10, 1902. Appeal, No. 19, Oct. T., 1902, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1901, No. 255, on verdict for plaintiff in case of Rebecca Foran v. Union Traction Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before FINLETTER, P. J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $200. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*Thomas Leaming*, with him *Dallas Sanders*, for appellant.

*A. L. Moise*, of *Sharp, Alleman & Moise*, for appellee.

OPINION BY WILLIAM W. PORTER, J., January 20, 1903:

The sole question in this case is whether it was the duty of the trial judge to direct a verdict for the defendant, as requested, on the ground that there was no negligence shown.

The appellee says (1) that the conductor was guilty of a neglect of duty in remaining on the front platform and talking with the motorman after having gone ahead of the car at the railroad crossing. She alleges (2) that the conductor was negligent in not remembering, and complying with, the request of the young girl to stop at Fitzwater street.

The statement of the injured girl is that she told the conductor to stop at Fitzwater, and when she found she was passing that street, discovered that the conductor was on the front platform talking to the motorman. She then says, " I got out to the back of the car to see if I could attract his attention, and I had one foot on the platform and one foot on the step, and after that I can't remember." Thus she put herself in the perilous position described while the car was in motion. The only other witness who describes what happened says, " This young lady got up from her seat. She wanted to get off at Fitzwater, and she recognized the schoolhouse at Eighth and Fitzwater and got up, and she walked to the platform. She tried to attract the conductor's attention, but she couldn't. So I looked up towards the front of the car to see where the conductor was, and he was still standing talking to the motorman, and when I looked around I tried to beckon for him, and as I turned around I got a glimpse and saw the white form of her clothing on the ground," etc. He adds that he does not know whether the young girl fell off or stepped off the car while it was in motion, but he does say that the car was " going along " and that there was no jerk.

To recur to the allegations of negligence : (1) It seems clear that while the conductor may not have been in his usual place on the car, his presence on the front platform was not the direct cause of the injury to the young woman. It is true that if he had been on the back platform he might have prevented

her from falling or stepping off, but that he was on the front platform was not the direct cause of her falling or stepping off. (2) It has never been held in Pennsylvania that a request to a conductor to stop at a given place, when uncomplied with, justifies the passenger in stepping from a moving car, nor that a failure to comply with such a request is, per se, negligence. In certain cases it may become an element in determining the question of negligence, but in the case before us it is impossible to directly attribute the injury to the young passenger to the failure to stop on notice. On her own testimony and on that of the witness above referred to, she knew that no effort was being made to stop. It would be going beyond any of the cases yet brought to our attention to say that the company would be liable for negligence in failing to stop, when the failure was not the real cause of the injury, but where the injury resulted directly from the act of the passenger, who either acted on the presumption that a stop would be made in the face of evidence showing no intention to make it, or on the assumption that she might take the risk of stepping or falling off while the car was in motion, because she had theretofore notified the conductor to stop, which notice he had failed to observe.

On the testimony in this case we think the defendant was entitled to an affirmance of its point requesting binding instructions for the defendant. Therefore the judgment is reversed.